# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3995 and 10 C 3996 | **DATE** | July 15, 2010 |
| **CASE TITLE** | Joseph Booker (#B-75793) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Petitioner's application to proceed *in forma pauperis* [#3] is granted. However, the petition for a writ of habeas corpus is stricken. Petitioner is given 30 days from the date of this order to submit an amended petition. The amended petition must be on the forms required under Local Rule 81.3(a) of this Court. Petitioner is also ordered to show cause within 30 days why this petition should not be stayed or dismissed for failure to exhaust state court remedies. If Petitioner does not comply with this order within 30 days, the Court shall dismiss this action. The Clerk is directed to send Petitioner an amended petition for a writ of habeas corpus form and instructions along with a copy of this order. The Clerk is directed to forward a copy of this order to the fiscal department. The fiscal department is directed to apply Petitioner's payment in Case No. 10 C 3996 to the statutory filing fee due in this case.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Petitioner submitted what appeared to be two petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254: Case Nos. 10 C 3995 (N.D. Ill.) and 10 C 3996 (N.D. Ill.). While Petitioner also submitted correspondence to the Court explaining that he intended his submissions to be treated as one habeas petition, because the Clerk's office received two separate petitions, each was opened under a separate case number. As Petitioner is barred from bringing a successive habeas petition without leave of the Seventh Circuit, this Court has dismissed Case No. 10 C 3996, without prejudice to Petitioner raising all of his claims in one petition in this case. *See* 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(b)(1).

     The petitioner has paid the statutory filing fee in Case No. 10 C 3996. The Court has dismissed that petition without prejudice to Petitioner raising any issues in Case No. 10 C 3996 in his amended petition in this case. The fiscal department of the Clerk's office is directed to apply the filing fee deposited by Petitioner in Case No. 10 C 3996 to this case. The Clerk is directed to forward this order to the fiscal department to facilitate compliance. The petitioner has filed an application to proceed *in forma pauperis* which, although he has paid, is granted. The Court grants the motion as it could effect his eligibility for appointment of counsel if and when it becomes appropriate.

     However, the petition for a writ of habeas corpus is stricken. Petitioner is given 30 days from the date of this order to submit an amended petition, including in all issues he intends to raise, including those issues he raised in *Booker v. Hardy*, Case No. 10 C 3996 (N.D.Ill.). Petitioner should include any and all grounds in his amended petition that he believes entitle him to relief.

**(CONTINUED)**

    AWL

| STATEMENT |
|---|

The amended petition must be on the forms required under Local Rule 81.3(a) of this Court. Petitioner must write both the case number and the judge's name on the petition and return the originally filled out and signed form and a copy for the judge and a copy for the Attorney General to the Prisoner Correspondent. Petitioner is advised to keep a copy for his files. The copies of his petition may either be exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Petitioner chooses to make conformed copies, then he may request more copies of the amended petition form from the Prisoner Correspondent.

The amended petition replaces or supersedes the original petition. In other words, after Petitioner files an amended petition, the Court no longer considers the original petition. Thus, grounds contained in the original petition will not be considered if they are not included in the amended petition. Therefore, Petitioner **must include in his amended petition all grounds he wants the Court to consider.**

Additionally, an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, Petitioner appears to be alleging that any attempt to exhaust his state court remedies would be futile. When a petitioner asserts futility, the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) *citing White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993). It appears based upon what Petitioner has pled that he has not exhausted his state court remedies and his federal habeas is thus not ripe for review. Petitioner is ordered to show cause within 30 days why this petition should not be stayed or dismissed for failure to exhaust state court remedies.

The Clerk is directed to send Petitioner an amended petition for a writ of habeas corpus and instructions along with a copy of this order. If Petitioner fails to submit an amended petition within 30 days and show cause why the petition should not be dismissed for failure to exhaust state court remedies, this case will be dismissed with the understanding the Petitioner no longer wishes to pursue habeas relief in federal court at this time. Any dismissal will be without prejudice to Petitioner filing a new petition once he has exhausted his state court remedies. "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2). Nevertheless, to avoid any potential problems with the statute of limitations, Petitioner should file a habeas petition as soon as possible after his state court remedies are exhausted, if the result is not favorable to him.